The opinion of the court was delivered by
Fenner, J.
This case stood second on the docket of the court at the opening of the term and was called and submitted immediately after the court opened its first session. After said submission counsel for defendant filed an assignment of errors apparent on the face of the record, amongst which that the transcript failed to show the arraignment of the defendant and his presence during the trial. The district attorney thereupon promptly filed an application for certiorari to complete the record, alleging that the case had been submitted prematurely and in error, and that in the hurry and press of official duty the defects in the record had escaped attention, and were only discovered when defendant’s assignment of errors was filed, which was only done after the submission. The petition for *1048 certiorari was duly notified to defendant’s counsel, and the writ was issued without prejudice. Though said counsel verbally stated, in open court, in answer to a question of the court, that they did not consent to the certiorari, they have not made any formal objection or submitted any grounds of opposition thereto. In answer to the certiorari, the clerk of the District Court has sent up a certified copy of the proceedings which were omitted from the original transcript, and which completely supplies all the defects complained of. They make it clear that, in point of fact, the proceedings in the lower court were in all respects regular, and that the appearance to the contrary on the face of the original record was due simply to the omission of the clerk to include therein a copy of the minutes of the proceedings. There is no question of the right of the State to correct such omissions by timely application for certiorari and, under the circumstances of this cas§ and in consideration of the fact that the defendant’s assignment of errors was only filed after submission, we think the premature submission should not deprive the State of the right of correction. Defendant’s own laches excuses the laches of the State, and precludes him from objecting to have the validity of the proceedings, under which he was tried, determined according to the truth and fact thereof, and not according to a false simulation of non-existent irregularities appearing as the result of mere official negligence of the clerk.
The errors complained of are presented in four bills of exception, which we will consider in their order.
The first bill is reserved to a ruling of the court refusing a change of venue on the ground of prejudice in the, community which would prevent a fair trial. Evidence was taken, which is brought up as part of the bill of exceptions, and we have carefully considered it. It is contradictory and inconclusive, and the judge, in his reasons, states: “The evidence adduced and my knowledge of the facts and circumstances surrounding the case convinced me that the defendant could obtain a fair and impartial trial in the parish of Lafayette.” Applications for change of venue are addressed to the sound discretion of the trial court, and unless an abuse of such discretion be clearly shown, his decision will not be interfered with. State vs. Gonsoulin, 38 An. 489; State vs. Daniels, 31 An. 91; State vs. White, 30 An. 364.
We could not say, on the face of the evidence itself, that the judge *1049 had abused the discretion vested in him, and his conclusion, being also based on his own knowledge of the facts and circumstances, is entitled to additional weight and consideration which entirely prevent our disturbing it.
The second bill is taken to the refusal by the judge of a motion to require the jury commission to draw additional jurors as tales-men, which denial is claimed to be in violation of Sec. 7 of Act 44-of 1877. The point is meritless. A reference to the section shows; that the propriety of such requirement is subjected to the unqualified discretion of the judge and is only to be exercised “ whenever the district judge thinks proper.” The judge gives excellent reasons why he did not think it proper in this case; but if he had given none his action would not be subject to review by this court.
The third bill, which was taken to the sustaining of a challenge for cause of a juror by the State, whatever merit it might have under the statement embodied in the' bill, is absolutely shorn of all force under the statement made by the judge, and does not need further discussion.
The fourth and last bill was taken to a ruling permitting the district attorney to contradict and impeach one of defendant’s witnesses by admitting proof that said witness had made a certain statement when the witness had not denied the making of such statement, but had only said that he did not remember making it; but the judge says he had, in effect, denied making the statement, because, after saying he did not remember, he added: “ When I say I do not remember a thing I mean that it is not so; when I say that I do not remember what you ask, I mean that I did not say that to Clark.” This is the entire equivalent of an absolute denial, and opened the door to contradiction.
A careful scrutiny of the record reveals no ground for reversing the proceedings.
Judgment affirmed.